**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

United States of America,

    Plaintiff,                                  Case No. 1:17cr145

    v.                                          Judge Michael R. Barrett

Curtis Joash,

    Defendant.

## **ORDER**

This matter is before the Court pursuant to a hearing conducted on August 7, 2018 before the undersigned on Defendant's Motion to Dismiss the Indictment Based Upon Prosecutorial Vindictiveness (Doc. 39) and the Government's Response in Opposition (Doc. 41).

On January 17, 2018, the Indictment in this matter was filed. (Doc. 15). The Indictment charged Defendant with one count of theft of public money in violation of 18 U.S.C. § 641. The charge is based on the payment of benefits by the Social Security Administration to Defendant's mother for approximately 27 years after her death. The payments were made into a joint bank account belonging to Defendant and his mother.

On February 16, 2018, Defendant filed his first Motion to Dismiss. (Doc. 22). In the Motion, Defendant argued that after the money was deposited by the Social Security Administration into a private bank account, it was no longer government property at the time it was taken.

On April 17, 2018, this Court denied Defendant's Motion to Dismiss. (Doc. 29). After the Court's ruling, Defendant offered to enter into a conditional plea pursuant to

Federal Rule of Criminal Procedure 11(a)(2) to preserve his appellate rights on the Motion to Dismiss. (Doc. 22). This offer was rejected by the Government.

On July 25 2018, the Superseding Indictment was filed. (Doc. 36). The Superseding Indictment included the original charge of theft of public money but also included a new charge of wire fraud under 18 U.S.C. § 1343.

Defendant asserts that the filing of the additional charge of wire fraud was to punish Defendant for his desire to pursue his legal issue for appeal. Defendant explains that the maximum sentence in the original indictment was 10 years, but the new charge carries a maximum sentence of 30 years.

The Government counters that Defendant was put on notice and warned that additional information may come to light. The Government contends that as a result of the investigation and trial preparation, it obtained additional information. Further, the Government contends that the difference in the sentences between the theft of public money count and wire fraud count is one offense level, and the sentencing guidelines are otherwise the same under both statutes.

A prosecutor enjoys broad discretion in determining whom to prosecute for what crime, and such pretrial charging decisions are presumed to be legitimate. *Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). Even though prosecutors have broad discretion, the Due Process Clause "prohibits the prosecution from punishing a defendant for exercising a protected statutory or constitutional right." *United States v. LaDeau*, 734 F.3d 561, 566 (6th Cir. 2013).

In order to establish a claim of prosecutorial vindictiveness, the defendant must show: "(1) exercise of a protected right; (2) the prosecutor's "stake" in the exercise of

that right; (3) the unreasonableness of the prosecutor's conduct; and, presumably, (4) that the prosecution was initiated with the intent to punish the plaintiff for the exercise of the protected right." *United States v. Dupree*, 323 F.3d 480, 489 (6th Cir. 2003) (quoting *Nat'l Eng'g & Contracting Co. v. Herman*, 181 F.3d 715, 723 (6th Cir. 1999)). "Thus, a person claiming to be vindictively prosecuted, must show that the prosecutor had some 'stake' in deterring the petitioner's exercise of his rights, and that the prosecutor's conduct was somehow unreasonable." *Id*.

The Sixth Circuit has explained that there are two approaches to showing prosecutorial vindictiveness:

> A defendant can show "actual vindictiveness," by producing "objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights," or the Court can find a presumption of vindictiveness by applying the "realistic likelihood of vindictiveness," standard which focuses on the prosecutor's "stake" in deterring the exercise of a protected right and the unreasonableness of his actions.

*United States v. Poole*, 407 F.3d 767, 774 (6th Cir. 2005) (citing *United States v. Dupree*, 323 F.3d 480, 489 (6th Cir. 2003). If the defendant makes a showing to support a presumption of vindictiveness, the government bears the burden of rebutting the presumption with "objective, on-the-record explanations" such as "governmental discovery of previously unknown evidence" or "previous legal impossibility." *United States v. LaDeau*, 734 F.3d 561, 566–67 (6th Cir. 2013) (quoting *Bragan v. Poindexter*, 249 F.3d 476, 482 (6th Cir. 2001)).

Here, Defendant argues that the Superseding Indictment is an attempt to cut off the defendant's appellate rights as they relate to the issues raised in the Motion to Dismiss or, in the alternative, penalizes the defendant for his request to enter a conditional plea.

3

The Sixth Circuit has explained that if pre-trial addition of charges are brought "simply as the result of failure of the plea bargaining process, they are not vindictive." *United States v. Suarez*, 263 F.3d 468, 479 (6th Cir. 2001). The Government explains the additional charges were brought based on information that was not in hand at the time of the filing of the Information and initial Indictment. The Government explains that it obtained the following additional evidence on or about the dates indicated:

> • paperwork from the funeral home that handled Defendant's mother's services in 1990, which included Defendant's signature and an incorrect version of his late mother's Social Security number (received by the government on June 11, 2018);
>
> • tax documents reflecting that Defendant did not disclose thousands of dollars in income per year from his late mother's Social Security benefits (June 22, 2018);
>
> • un-redacted bank signature cards, which revealed that Defendant's signature appeared on a signature card together with his mother's correct Social Security number, in contrast to the funeral home paperwork in which his signature appeared together with an incorrect recitation of his mother's Social Security number (July 11, 2018);
>
> • historical copies of the standard consumer account agreement governing the bank account that Defendant used, which reflected that the bank required a joint account holder like Defendant to notify the bank when the other account holder died (July 19, 2018); and
>
> • a chart from the U.S. Treasury Department, which indicated that Defendant's late mother's Social Security benefits were wired across state lines (July 23, 2018).

(Doc. 41, PAGEID #123-124).

The Court does note that these facts do not alter the basis of the theft of public money charge in the original Indictment. Thus, Defendant's theory regarding money deposited in a private bank account contained in the previously overruled Motion to Dismiss still applies to Count 1 of paragraphs 1 through 12 and Count 2 of the

4

Superseding Indictment. Defendant's right to appellate review is not prevented, and Defendant cannot show the Government had any particular "stake" in preventing the assertion of these rights.

In addition, Defendant has not shown that the Government's actions are unreasonable. As the Sixth Circuit has explained, "the mere presence of a superseding indictment bringing additional charges is not sufficient to be presumptively unreasonable." *United States v. Suarez*, 263 F.3d 468, 480 (6th Cir. 2001) (citation omitted). "Generally, a potentially vindictive superseding indictment must add additional charges or substitute more severe charges based on the same conduct charged less heavily in the first indictment." *Id*. According to the Government, the additional count will have no practical effect on the outcome of the sentencing guidelines calculation. In addition, the Government has shown that the additional charges were not brought earlier because they were based on new evidence. As such, the Government has rebutted any showing of vindictiveness. Therefore, the Court finds neither objective nor subjective vindictiveness on the part of the Government.

Based upon the foregoing, Motion to Dismiss the Indictment Based Upon Prosecutorial Vindictiveness (Doc. 39) is **DENIED**.

**IT IS SO ORDERED.**

                                         */s/ Michael R. Barrett*
                                         Michael R. Barrett, Judge
                                         United States District Court