**UNITED STAES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

United States of America

       Plaintiff,                   Case No.  1:17cr145

       v.                        Judge Michael R. Barrett

Curtis Joash,

       Defendant.

**ORDER**

       This matter came on for consideration of Defendant's Motion to Dismiss Count One of the Superseding Indictment for Failure to State an Offense (Doc. 45); Defendant's Motion to Strike Surplusage (Doc. 46); the United States' consolidated Response in Opposition (Doc. 47); and Defendant's Reply to Response (Doc. 48).

       Defendant seeks to dismiss the wire fraud count or strike information related to the wire fraud count from the Superseding Indictment.  Defendant's argument, as relates to his Motion to Dismiss, is essentially that he did not cause the Social Security Administration to wire to him the funds he is alleged to have purloined.    The statute at issue in this case reads as follows:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 1343. A conviction for mail fraud requires proof of the following three elements:

> (1) devising or intending to devise a scheme to defraud (or to perform specified fraudulent acts);
>
> (2) involving a use of the mails; and
>
> (3) for the purpose of executing the scheme or attempting to do so.

*United States v. Frost*, 125 F.3d 346, 354 (1997). The Superseding Indictment reads as follows:

> On or about February 3, 2017, in the Southern District of Ohio and elsewhere, the defendant, CURTIS JOASH, for the purpose of executing the scheme described above, knowingly did transmit and cause to be transmitted in interstate commerce, by means of wire communications, certain signs, signals, pictures and sounds, that is; a direct deposit of approximately $730 of Social Security benefits on or about February 3, 2017 into PNC Bank account number xx-xxxx-1353. In violation of 18 U.S.C. § 1343.

The Superseding Indictment alerted Defendant to the charges against him. The Superseding Indictment states the offense. Whether the Government can sustain its burden of demonstrating beyond a reasonable doubt that the defendant did commit did in fact commit this offense is a matter for another day. As the Sixth Circuit has explained:

> A defendant may commit mail fraud even if he personally has not used the mails. *See United States v. Griffith,* 17 F.3d 865, 874 (6th Cir.1994). A mail fraud conviction requires only a showing that the defendant acted with knowledge that use of the mails would follow in the ordinary course of business, or that a reasonable person would have foreseen use of the mails. *See Oldfield,* 859 F.2d at 400. Accordingly, the government does not have to show that the defendant actually intended to cause the mails to be used. *See id.* Further, "[t]he mailings may be innocent or even legally necessary." *Id.* (quoting *United States v. DeCastris,* 798 F.2d 261, 263 (7th Cir.1986)). "In sum, the 'mailing need only be closely related to the scheme and reasonably foreseeable as a result of the defendant's actions.'" *Id.* (quoting *United States v. Silvano,* 812 F.2d 754, 760 (1st Cir.1987)).

*United States v. Frost*, 125 F.3d 346, 354 (6th Cir. 1997).

At this time, the Superseding Indictment is sufficient and charges conduct which could result in a violation of 18 U.S.C. § 1343. This Court does not read the indictment to the jury. The elements of the offense will be set forth in the jury instructions.

Therefore, the Court **DENIES** the Motion to Dismiss Count One of the Superseding Indictment for Failure to State an Offense (Doc. 45) and the Motion to Strike Surplusage (Doc. 46) but will preserve for trial any defense motions in limine and deal with them when issues are presented.

**IT IS SO ORDERED.**

_s/Michael R. Barrett_
Michael R. Barrett, Judge
United States District Court